IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CORTEZ NATHANIEL MEADOWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-904-M |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On August 13, 2007, petitioner Cortez Nathaniel Meadows ("Meadows") filed a Notice of Removal seeking to remove to this Court a pending Oklahoma County, Oklahoma criminal prosecution for being drunk in a public place and obstructing an officer in the performance of his official duties. This matter is now before the Court for screening pursuant to 28 U.S.C. § 1446(c)(4), which section requires this Court to promptly examine an attempt to remove a state criminal prosecution, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

Meadows seeks to remove this action pursuant to 28 U.S.C. § 1443. Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Additionally, the United States Supreme Court has established a two-prong test for § 1443(1):

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. . . .
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of [the] State. This provision normally requires that the denial be manifest in a formal expression of state law. . . .

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotations and citations omitted).

Having carefully reviewed Meadows' Notice of Removal, the Court finds that Meadows has failed to satisfy the requirements for removal under § 1443. Specifically, the Court finds that Meadows has made no claim that he is being denied a right arising under a federal law "providing for specific civil rights stated in terms of racial equality." Meadows alleges that his constitutional rights were violated by respondent's failure to provide a prompt judicial determination of probable cause after he was arrested, that his liberty was deprived without due process of law, and that the arresting officer failed to disclose exculpatory evidence. The Court finds that these allegations, at most, are violations of federal laws of general applicability, which are not sufficient to qualify for removal under § 1443(1).[1] Additionally, the Court finds that Meadows has made no showing that he is either a state or a federal officer for purposes of § 1443(2).

---

[1] Because Meadows' notice of removal clearly fails the first prong of the *Johnson* test, the Court need not address whether Meadows has satisfied the second prong.

Accordingly, the Court finds that summary remand of this action is appropriate. The Court, therefore, REMANDS this action to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 5th day of February, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE